## ADLER METAL PRODUCTS CORPORATION v. UNITED STATES.

### No. 46237.

Court of Claims.

May 5, 1947.

Wm. Montgomery Smith, of Washington, D. C. (Norman J. Morrisson and Cooke & Beneman, all of Washington, D. C., on the briefs), for plaintiff.

Kendall M. Barnes, of New York City, and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

JONES, Judge.

The issues in this requisition case are the same as in the claim of Kaiser v. United States, Ct.Cl., 69 F.Supp. 588, with a shading of difference in the facts.

It involves the same orders and priorities, the same copper and copper-base alloy materials, and requisition in the same month, June 1943, the difference being in the form of the materials.

Plaintiff is a manufacturer of metal cabinets and prior to the limiting orders had been using these materials in such manufacture.

On June 2, 1943, the War Production Board duly requisitioned and took possession of 20,136.375 pounds of copper and copper-base alloy materials belonging to plaintiff. Such materials included knurls, rivets, label holders, pulls and some sheet and strip materials suited to plaintiff's manufacturing purposes.

The program price awarded to plaintiff was $3,128.36, and since plaintiff refused to accept the award, it was paid one-half of that amount and sues for the balance of what it claims is the amount which should be allowed as just compensation for the taking by the Government.

The original price of these articles was $13,210.31. The plaintiff paid $11,966.98 in cash and furnished its own dies for the manufacture of some of the articles, the manufacturer allowing a credit of $1,243.33 for the use of the dies.

To replace the requisitioned stock in 1945 would have cost plaintiff $15,626.92. Plaintiff claims the value to it at the time of requisition was $20,212.16.

The program prices, on the basis of which the award was made, were sub-

stantially the mill prices for the primary form of the materials, less distributor's discount. They were above scrap prices.

The special pull combination and label holders were manufactured by plaintiff and about one-half of them were finished and ready for use. Except for the rivets and small quantities of molding bronze and sheet bronze, all the materials were of plaintiff's special design and were fabricated for plaintiff's filing cases. They were cut to exact sizes and were unsuited to use by any other manufacturer.

Practically all the materials were new and unused. The 20,352 special pull combinations and label holders were stored in steel drums lined and covered with double thickness wax paper to protect the articles from moisture. Deterioration was therefore slight. Had the articles been kept until the end of hostilities and the release of controls, most of them would have been usable.

Considering all the circumstances, including the tieup of capital, storage, and some deterioration that would have resulted had the articles been held until the end of the emergency, the special form of these articles, the lack of a timely market and other factors, we find that the fair and reasonable value of the materials at the time of taking was $10,264.10, which amount should be paid as just compensation.

Plaintiff is entitled to this sum less $1,564.18, a net amount of $8,699.92, together with interest thereon from June 2, 1943, at the rate of four percent per annum, not as interest but as a part of just compensation, plus interest on $1,564.18 at the same rate and on the same basis from June 2, 1943, to February 1, 1944, the date of such part payment.

It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, concur.

WHALEY, Chief Justice, took no part in the decision of this case.